**Office of Disciplinary Counsel v. Gibson**

Disciplinary Board Docket no. 161 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SUH, *Member,* August 25, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

# I. HISTORY OF PROCEEDINGS

On December 9, 2002, the Supreme Court of Pennsylvania placed respondent, Robert Thomas Gibson, on temporary suspension pursuant to Pa.R.D.E. 214(d)(2), after having received a certified copy of respondent's conviction of a serious crime. On December 31, 2003, Office of Disciplinary Counsel filed a petition for discipline against respondent, charging him with violations of the Rules of Disciplinary Enforcement based on his conviction of aggravated assault, simple assault and aggravated harassment by a prisoner. Respondent filed an answer on January 29, 2004.

A disciplinary hearing was held on February 20, 2004, before Hearing Committee 2.01 comprised of Chair John F. Hayes II, Esquire, and Members Jan Duda Krafczek, Esquire, and Caitlin Curran Hatch, Esquire. Respondent was represented by Robert W. Sink, Esquire.

The Hearing Committee filed a report on June 3, 2004, and recommended that respondent be suspended for a period of two years, retroactive to the date of the temporary suspension.

Respondent filed a brief on exceptions and request for oral argument on June 18, 2004.

Petitioner filed a brief opposing respondent's exceptions on June 28, 2004.

Oral argument was held on July 12, 2004, before a three-member panel of the Disciplinary Board chaired by Marvin J. Rudnitsky, Esquire, with Robert C. Saidis, Esquire, and Smith B. Gephart, Esquire.

This matter was adjudicated by the Disciplinary Board at the meeting of July 17, 2004.

## II. FINDINGS OF FACT

The Disciplinary Board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, PA 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, Robert Thomas Gibson, was born in 1970 and was admitted to practice law in Pennsylvania in 1995. His registered office address is 319 West Front Street, Media, Pennsylvania. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) Respondent has no prior history of discipline.

(4) On December 16, 2000, respondent was engaged in a bar fight in West Chester, Pennsylvania, and was punched in the nose by another patron.

(5) The police arrived at the scene and respondent was placed under arrest for summary offenses of public drunkenness and disorderly conduct.

(6) Respondent was then transported to the West Chester Police Department and placed in a holding cell until sober.

(7) At the police station, respondent spat and later hit a police officer while being handcuffed to a gurney so that he could be taken to the hospital for treatment of his nose injury.

(8) Respondent was intoxicated at the time of these offenses.

(9) Respondent was charged with aggravated assault, disorderly conduct and public drunkenness, simple assault, aggravated harassment by prisoner, and the summary offenses of disorderly conduct and public drunkenness.

(10) Following a jury trial, respondent was found guilty on April 26, 2002, of aggravated assault, simple assault, aggravated harassment by prisoner, and the summary offenses of disorderly conduct and public drunkenness.

(11) On June 21, 2002, respondent was sentenced to one month of incarceration with immediate work release, four months of electronic home confinement, 300 hours of community service, a $200 fine, payment of costs, 12 months of probation and completion of alcohol counseling.

(12) Respondent appealed his conviction to the Superior Court of Pennsylvania on June 28, 2002. The Superior Court affirmed the conviction on August 26, 2003.

(13) On December 1, 2003, respondent filed a motion for allowance of appeal with the Pennsylvania Supreme Court. Following the hearing, respondent, through his

counsel, advised the Hearing Committee and petitioner that the request for allowance of appeal had been denied.

(14) Respondent is an admitted alcoholic.

(15) Respondent began using alcohol in college and continued to do so during law school and following his admission to the bar. Respondent testified that he drank excessively on the weekends but did not drink during the week.

(16) Following the incident of December 16, 2000, and his arrest, respondent sought treatment with Victoria P. Neely Ph.D., a licensed psychologist. Dr. Neely testified on respondent's behalf as an expert witness.

(17) Based on respondent's history of alcohol use and abuse, Dr. Neely diagnosed him as an alcoholic. She further opined that respondent's alcoholism was a substantial causal factor in his misconduct.

(18) On his own initiative, respondent became active in Alcoholics Anonymous and continued to attend AA meetings.

(19) Respondent has been sober since the incident in December 2000.

(20) Dr. Neely testified that respondent was sincere in his desire to stop drinking and that respondent was unlikely to suffer a recurrence of his behavior on December 16, 2000, if he continued to be involved in AA, continued his treatment with her on an as-needed basis, and continued to maintain his support network.

(21) Respondent expressed remorse for his behavior.

## III. CONCLUSIONS OF LAW

Respondent's conviction of aggravated assault and aggravated harassment by prisoner constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1).

## IV. DISCUSSION

This matter comes before the Disciplinary Board on a petition for discipline charging respondent with violation of Rule 203(b)(1) of Pa.R.D.E. arising out of his conviction for the serious crimes of aggravated assault and aggravated harassment by prisoner. Respondent was engaged in a bar fight with another patron. After being transported to the police station, he spat on and hit a police officer who was undertaking her responsibilities in the line of duty.

As with all disciplinary matters predicated on a criminal conviction, the sole issue to be resolved is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). Consideration is to be given to any aggravating and mitigating factors. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

Respondent produced evidence that he is an alcoholic and his alcoholism caused his misconduct. Respondent contends he is entitled to mitigation pursuant to *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989). Dr. Victoria P. Neely, a licensed psychologist, testified that when respondent came to see her, he recognized that his behavior was out of control and that his alcohol use had resulted in angry and belligerent behavior that had gotten him in trouble with the law. He

sought Dr. Neely's assistance so that the behavior would not be repeated. Dr. Neely examined respondent's history of alcohol use through his college and law school years as well as into his professional life and determined that respondent abused alcohol and it was a problem in his life. Dr. Neely testified that, in her professional opinion, respondent's alcohol abuse was a causal factor in his misconduct. Dr. Neely met with respondent every other week. Respondent was regular in his appointments. At the same time, respondent attended Alcoholics Anonymous meetings and quickly secured an AA sponsor. Respondent was able to develop a support network of family and friends to help him pursue recovery. Dr. Neely ended her treatment of respondent with the proviso that he continue his AA involvement and counsel with her on an as-needed basis. Dr. Neely testified that respondent was unlikely to suffer a recurrence of his behavior of December 16, 2000, if he continued his involvement in AA and maintained his support network.

The evidence of record clearly and convincingly supports a conclusion that respondent's alcoholism caused him to engage in behavior resulting in his criminal conviction. For this reason, the Disciplinary Board concludes that respondent has met his burden under *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989). Respondent is entitled to mitigation of the discipline to be imposed.

Other mitigating factors are present in this matter. Respondent's behavior was aberrational in nature. Respondent was intoxicated and had a nose injury. There is no evidence presented that he ever engaged in any pattern of assaultive or aggressive behavior in the past.

Respondent's conduct was wholly unrelated to the practice of law. Indeed, respondent has no prior history of professional misconduct or criminal conduct. Respondent expressed remorse for his behavior. Respondent indicated that he was embarrassed for himself and his children and believed that the only good thing that came out of the incident was that it enabled him to get help for his alcohol abuse. Shortly after the December 16, 2000 incident, he apologized to the police officer for his belligerent behavior while intoxicated.

In assessing the appropriate discipline for this matter, the Disciplinary Board is mindful that the courts have established the need for consistency in the results reached in disciplinary cases, so that similar misconduct is not punished in dramatically different ways. Furthermore, the Pennsylvania Supreme Court has stated that each case must be decided on the totality of the facts. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). This is the case of a conviction of a crime arising from incidents in the respondent's personal life, totally unrelated to his practice of law. Respondent was intoxicated and behaved in an egregious and belligerent manner toward the police. Clearly the Pennsylvania Rules of Disciplinary Enforcement provide for sanctions against attorneys convicted of serious crimes occurring in the realm of an attorney's private life. In the matter of *In re Anonymous No. 13 D.B. 76,* 5 D.&C.3d 210 (1977), an attorney committed assault and battery upon a police officer and received a private reprimand. In the case of *In re Anonymous No. 17 D.B. 1996,* 182 Disciplinary Docket no. 3 (Pa. April 29, 2002), the attorney was convicted of criminal trespass, indirect criminal contempt

and simple assault involving two occupants of a house, one of whom was his former girlfriend, and a policeman and fireman. He received a three-month suspension. An attorney who assaulted another attorney during a trial and threatened the judge received a six-month suspension. The Disciplinary Board specifically noted in its opinion that a private reprimand would not suffice, even though by all accounts the misconduct was aberrational. The Disciplinary Board emphasized that the attorney lost all control of himself during the trial, screaming at the judge, punching opposing counsel with a closed fist and putting opposing counsel in a headlock. The attorney was totally sober at the time. *In re Anonymous No. 155 D.B. 1997,* no. 521 Disciplinary Docket no. 3 (Pa. July 15, 1999).

The crimes of which respondent was convicted are serious. This must be balanced with the mitigating factors of this case. Respondent was intoxicated and not in control of his actions. Respondent proved that he is an alcoholic and, further, that he is in recovery and has been sober without relapse for more than three years. He has not been involved in any other criminal or ethical misconduct. By all accounts the incident of December 16, 2000, now almost four years ago, was an aberration. Respondent took immediate positive steps to ensure that the incident is not repeated in the future.

The Disciplinary Board is of the opinion that a suspension would not serve any legitimate purpose. Respondent was placed on temporary suspension on December 9, 2002, and has not practiced law since that time. Respondent does not pose a danger to the public, nor is there evidence that he is unfit to practice law. A private

reprimand is an appropriate sanction after balancing the facts of the conviction with the mitigating factors, and it is not dramatically different punishment than that handed down in similar matters.

For these reasons, the Disciplinary Board recommends that respondent receive a private reprimand. Concurrent with this disciplinary recommendation is the recommendation that the temporary suspension imposed by order of the Supreme Court of December 9, 2002, be dissolved and respondent be immediately reinstated to the practice of law. Precedent for this recommendation may be found in the matter of *In re Anonymous No. 100 D.B. 88,* 12 D.&C.4th 60 (1990). Therein, the attorney was convicted of possession of cocaine and placed on temporary suspension by order of the Supreme Court of Pennsylvania. The Disciplinary Board adjudicated the matter and recommended that the appropriate sanction for the attorney's conviction was a private reprimand, with an immediate reinstatement to the practice of law, in recognition of the fact that the attorney had spent many months on suspension without his law license. Although the court determined that a public censure was appropriate discipline, it immediately dissolved the temporary suspension so that the attorney was free to resume his practice of law.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Robert Thomas Gibson, receive a private reprimand, that the temporary suspension ordered by the Supreme Court on December 9, 2002, pursuant to Rule 214, Pa.R.D.E. be

immediately dissolved, and that respondent be reinstated to the practice of law in this Commonwealth.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Teti, Rudnitsky, Newman and Saidis dissented and would recommend a one-year suspension retroactive to January 8, 2003, the effective date of the order of temporary suspension.

---

## DISSENTING OPINION

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NEWMAN, *Member,* August 25, 2004—The report and recommendation of the Disciplinary Board is that respondent be privately reprimanded.[1] I am writing in dissent.

I disagree with the majority's finding that a private reprimand is sufficient discipline, given the misconduct exhibited in this matter. Respondent is before this board because he was convicted of the serious crimes of aggravated assault and aggravated harassment by prisoner. His assault took place on a police officer engaged in her official duties. The record is clear that respondent was under the influence of alcohol at the time of the criminal

---

1. The Hearing Committee recommended a two-year suspension retroactive to December 9, 2002, the date of respondent's temporary suspension. Office of Disciplinary Counsel concurred with this recommendation.

misconduct and that he is an alcoholic. While I am cognizant of the application of the *Braun* standard in this matter, as discussed in the majority recommendation, in my mind these facts do not lessen the egregiousness of his criminal actions to the point that private discipline is the appropriate sanction to address the misconduct.

The majority was influenced by several factors, particularly that this was a matter that did not involve clients or the practice of law and that this was respondent's only involvement with the criminal or disciplinary systems. The majority appears to equate this respondent's criminal actions with those of attorneys convicted of driving under the influence of alcohol or simple assault, which cases precedentially have resulted in private discipline.[2] This matter is certainly distinguishable from such cases. Respondent twice struck and spit on a police officer. He engaged in violent, disruptive and belligerent behavior. Respondent went through a five-day jury trial and was found guilty. Respondent was incarcerated for one month and spent four months on electronic home confinement. Respondent was placed on temporary suspension by the Supreme Court due to the serious nature of the conviction. The board's response to respondent's serious criminal misconduct must be equally strong. A lenient disciplinary response merely reinforces the public's perception that lawyers protect their own. I believe the board is setting a bad precedent by imposing private discipline on an attorney convicted of assaulting a police officer and

_____

2. See *In re Anonymous No. 73 D.B. 97,* 47 D.&C.4th 526 (1998); *In re Anonymous No. 62 D.B. 91,* 22 D.&C.4th 187 (1993); *In re Anonymous No. 39 D.B. 85,* 47 D.&C.3d 376 (1987).

may perhaps find its hands tied in future cases due to this recommendation.

The record supports a period of suspension of one year, retroactive to respondent's temporary suspension.

Board Chair Teti, Vice-Chair Rudnitsky and Member Saidis join in this dissent.

## ORDER

And now, November 4, 2004, upon consideration of the report and recommendations of the Disciplinary Board and dissenting opinion dated August 25, 2004, the petition for review and responses thereto, the motion to dismiss the petition for review is dismissed as moot, and it is hereby ordered that Robert Thomas Gibson be and he is suspended from the bar of this Commonwealth for a period of one year, retroactive to December 9, 2002, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

## ORDER

And now, November 23, 2004, on certification by the Disciplinary Board that the respondent, Robert Thomas Gibson, who was suspended by order of this court dated November 4, 2004, for a period of one year retroactive to December 9, 2002, has filed a verified statement showing compliance with all the terms and conditions of the order of suspension and Rule 217, Pa.R.D.E., and there being no other outstanding order of suspension or disbarment, Robert Thomas Gibson is hereby reinstated to active status, effective immediately.